ZIMMERMAN v ZIMMERMAN

Docket No. 102867. Submitted April 1, 1989, at Lansing. Decided May 2, 1989.

Plaintiff, Richard D. Zimmerman, and defendant, Jean A. Zimmerman, were divorced by order of the Macomb Circuit Court in 1983. A motion to terminate alimony payments was filed in 1985. The defendant sought to depose plaintiff's former attorney to establish the intentions of the parties concerning alimony during the original settlement negotiations. The court, George R. Deneweth, J., ordered the motion held in abeyance pending an interlocutory appeal specifically authorized by the court for the purpose of determining whether the attorney should be allowed to testify and answer questions relative to the negotiations in the initial divorce action. Defendant filed a claim of appeal as of right in the Court of Appeals.

The Court of Appeals *held:*

The order appealed from is not a final order which will support a claim of appeal. An interlocutory order which does not affect with finality the rights of the parties is not a final order appealable as a matter of right by claim of appeal. Such an order is appealable only by application for leave to appeal.

Claim dismissed for lack of jurisdiction.

APPEAL — MOTIONS AND ORDERS — INTERLOCUTORY ORDERS — COURT RULES.

An interlocutory order which does not affect with finality the rights of the parties is not a final order appealable as a matter of right by claim of appeal; such an order is appealable only by application for leave to appeal (MCR 7.203[A] and [B]).

*Stewart, Nowak, Petrauskas, Cardamone & Flinn, P.C.* (by *Eric G. Flinn*), for plaintiff.

*Thomas J. Budzynski,* for defendant.

REFERENCES

Am Jur 2d, Appeal and Error §§ 47-64.

See the Index to Annotations under Interlocutory Proceedings or Matters.

Before: BEASLEY, P.J., and WEAVER and CAVANAGH, JJ.

PER CURIAM. The parties in this matter obtained a judgment of divorce in 1983. A motion to terminate alimony payments was filed in 1985. The authority of the circuit court to terminate such payments was decided by this Court in a prior appeal which remanded the case for an evidentiary hearing as to a possible change of circumstances affecting the defendant. *Zimmerman v Zimmerman,* unpublished opinion per curiam of the Court of Appeals, decided October 21, 1986 (Docket No. 85341).

On remand, the defendant sought to depose plaintiff's former attorney to establish the intentions of the parties concerning alimony during the original settlement negotiations. On August 3, 1987, an order was entered in the circuit court in response to the motion to terminate alimony. That order held the motion in abeyance "pending an interlocutory appeal." The circuit court order concluded by providing "[t]hat the court specifically authorizes that an interlocutory appeal may be taken in this matter for the purposes of determining whether Kenneth Martin, an attorney at law, shall be allowed to testify and answer questions relative to negotiations of the initial divorce action which was filed in this matter."

A claim of appeal as of right, and not an application for leave to appeal, was filed in this Court. However, the order appealed from is not a final order which will support a claim of appeal.

The Court of Appeals has jurisdiction over all final judgments of the circuit courts. MCL 600.308 MSA 27A.308. A claim of appeal as of right is available from a final judgment or final order; an appeal from an order which is not a final judg-

ment is available only by an application for leave to appeal. MCR 7.203(A) and (B).

The nature of a postjudgment order from which a claim of appeal is available was discussed by the Supreme Court in *Gherardini v Ford Motor Co,* 394 Mich 430; 231 NW2d 643 (1975). In that case, a postjudgment order awarding attorney fees was held to be appealable as of right. The Court determined that such an order "affected with finality rights of the parties and was, therefore, appealable as of right." 394 Mich 431. This Court in *Gove v Gove,* 71 Mich App 431; 248 NW2d 573 (1976), applied *Gherardini* to a postjudgment order involving attorney fees.

In the present case, the order appealed from merely held the motion to terminate alimony in abeyance and encouraged an interlocutory appeal. The order did not "affect with finality rights of the parties," but rather by its own terms recognized that the order was interlocutory in nature. An interlocutory order, even if a postdivorce judgment order, which does not affect with finality the rights of the parties is not a final order appealable as a matter of right by claim of appeal. Such an order is appealable only by application for leave to appeal.

The claim of appeal is dismissed for lack of jurisdiction.