DEAN v TUCKER

Docket No. 104813. Submitted October 11, 1989, at Detroit. Decided January 17, 1990.

Gloria Dean brought in the Oakland Circuit Court an action alleging legal malpractice by Norman C. Tucker, Frank Mafrice and Somers, Schwartz, Silver & Schwartz, P.C. Following a pretrial conference, the court, James S. Thorburn, J., issued an order which in part directed the parties to file their witness and exhibit lists by August 6, 1987. On August 27, 1987, plaintiff filed her lists and a motion seeking an extension of the filing deadline. The court denied the motion and struck the witness list filed by plaintiff. The court subsequently granted summary disposition in favor of defendants, ruling that plaintiff had failed to state a claim on which relief can be granted due to her inability to present the testimony of the expert she had listed on the stricken witness list. Plaintiff appealed from the order granting summary disposition in favor of defendants.

The Court of Appeals *held:*

1. Appellate review of the trial court's ruling on plaintiff's motion is not precluded by virtue of the absence of an appeal from that ruling. Plaintiff's appeal as of right was correctly taken from the final order in this case, i.e., the order granting summary disposition in favor of defendants. With her appeal from that order, plaintiff is free to raise issues related to any of the trial court's orders.

2. As a sanction for a plaintiff's failure to timely file a witness list as ordered, a trial court at its discretion may dismiss the action or bar the plaintiff from presenting the testimony of his witnesses. In imposing either sanction, the trial court must consider (1) whether the violation was wilful or accidental, (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses), (3) the prejudice to the defendant, (4) whether the defendant had

REFERENCES

Am Jur 2d, Appeal and Error §§ 50, 51; Depositions and Discovery § 384.

Identity of witnesses whom adverse party plans to call to testify at civil trial, as subject of pretrial discovery. 19 ALR3d 1114.

actual notice of the plaintiff's witnesses and the length of time prior to trial that the defendant received such notice, (5) whether there exists a history of the plaintiff's engaging in deliberate delay, (6) the degree of compliance by the plaintiff with other provisions of the court's order, (7) whether the plaintiff attempted to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. Here, when the factors enumerated above and other circumstances in this case are considered, the sanction imposed by the trial court represented an abuse of discretion. The trial court's grant of summary disposition, being a direct consequence of its ruling regarding the witness list, was made in error.

Reversed and remanded.

1. APPEAL — FINAL ORDERS.

An appeal of right is available only from a final order; a final order is one which, by itself or in conjunction with previous orders, disposes of all of the claims of all of the parties, or one which, although otherwise not final, disposes of at least one claim of one party and is certified by the trial court as a final order.

2. PRETRIAL PROCEDURE — DISCOVERY — WITNESS LISTS — SANCTIONS.

As a sanction for a plaintiff's failure to timely file a witness list as ordered, a trial court at its discretion may dismiss the action or bar the plaintiff from presenting the testimony of his witnesses; in imposing either sanction, the trial court must consider (1) whether the violation was wilful or accidental, (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses), (3) the prejudice to the defendant, (4) whether the defendant had actual notice of the plaintiff's witnesses and the length of time prior to trial that the defendant received such notice, (5) whether there exists a history of the plaintiff engaging in deliberate delay, (6) the degree of compliance by the plaintiff with other provisions of the court's order, (7) whether the plaintiff attempted to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice.

*Dennis E. Moffett,* for plaintiff.

*Plunkett & Cooney* (by *Lawrence R. Donaldson* and *Christine D. Oldani*), for defendants.

Before: SAWYER, P.J., and WEAVER and NEFF, JJ.

PER CURIAM. Plaintiff appeals from a grant of summary disposition in favor of defendants pursuant to MCR 2.116(C)(8) (failure to state a claim). We reverse.

This case involves a legal malpractice claim which plaintiff brought against defendants, who had represented her in a personal injury action. Briefly, plaintiff claims that defendants committed acts of malpractice which resulted in plaintiff's receiving an inadequate verdict in the underlying lawsuit.

Of more relevance to this appeal, the parties completed discovery and presented themselves for trial on July 17, 1987, pursuant to a notice of trial. Although the parties were ready for trial on that date, the trial court was unable to hear the matter and adjourned trial until November 16, 1987. The trial court did, however, hold a pretrial conference on July 17 and issued a pretrial conference order which, inter alia, indicated that all discovery had been completed and that the parties were to file their witness and exhibit lists within thirty days, being August 6, 1987. Plaintiff did not, however, file her lists until August 27, on which date plaintiff also moved for an extension of time to file her lists. Plaintiff explains the delay as an inadvertent mistake by counsel in marking the deadline for the submission of lists as being August 28.

The trial court denied plaintiff's motion to extend the deadline for filing the witness list and barred plaintiff from presenting witnesses. The trial court thereafter granted defendants' motion for summary disposition on the basis of plaintiff's inability to present expert testimony since plaintiff's expert, R. Scott Vanderford, was one of those witnesses barred from testifying.

Before reaching the merits of plaintiff's appeal, we briefly address an issue raised by defendants in

their brief on appeal. Specifically, defendants argue that the question raised on appeal by plaintiff concerning the trial court's refusal to extend the time for the filing of the witness list is not properly before us as plaintiff did not claim an appeal from the trial court's October 28, 1987, order denying the motion to extend time for filing of the witness list. Indeed, plaintiff did not claim an appeal from that order, rather claiming her appeal from the October 28, 1987, order granting summary disposition. Plaintiff claimed her appeal from the correct order.

An appeal of right is available only from a final order. *Zimmerman v Zimmerman,* 177 Mich App 8, 9-10; 440 NW2d 906 (1989); *Comm'r of Ins v Advisory Bd of the Michigan State Accident Fund,* 173 Mich App 566, 589; 434 NW2d 433 (1988); *Nye v Gable, Nelson & Murphy,* 169 Mich App 411, 415; 425 NW2d 797 (1988). A final order is an order which, by itself or in conjunction with previous orders, disposes of all of the claims of all of the parties or is an order which, although otherwise not final, disposes of at least one claim of one party and is certified as a final order under MCR 2.604(A). *Comm'r of Ins, supra* at 589.[1] Moreover, the final order for purposes of appeal is not even necessarily the last order to be found in the lower court file. *Nye, supra* at 415.

Turning to the case at bar, plaintiff's motions to extend the time to file the witness list and the exhibit list disposed of no claims; rather, it was the order granting summary disposition which disposed of all of plaintiff's claims against defendants. Accordingly, it was the order of summary

---

[1] *Zimmerman, supra* at 10, described this concept in the context of a postjudgment order as an order which affects with finality the rights of the parties, citing *Gherardini v Ford Motor Co,* 394 Mich 430; 231 NW2d 643 (1975).

disposition which was the final order and from which plaintiff was required to claim the appeal, which she did. Moreover, having claimed an appeal from the final order (the order granting summary disposition), plaintiff is now free to raise any issue on appeal, including issues related to other orders in the case. *Comm'r of Ins, supra* at 589.[2] Accordingly, plaintiff, having properly claimed an appeal from the order granting summary disposition, is now free to challenge the other rulings of the trial court, including its refusal to extend time for filing the witness list and the preclusion of plaintiff's witnesses as a sanction for the failure to timely file the list.

The grant of summary disposition was premised on plaintiff's inability to produce an expert witness, and that inability was the result of the trial court's refusal to grant an extension of time to file the witness list and the striking of the witness list as a sanction for plaintiff's tardiness. Therefore, it is the trial court's refusal to grant the extension of time to plaintiff and its decision to strike the witness list which is the crux of this appeal. Accordingly, we turn our attention to determining whether the trial court abused its discretion in barring the testimony of plaintiff's expert witness as a sanction for plaintiff's tardiness in filing the witness list. See *Middleton v Margulis,* 162 Mich App 218, 223; 412 NW2d 268 (1987) (wherein the Court reviewed the discovery sanction of barring the testimony of an expert witness for abuse of discretion where the sanction led to the necessary result of granting summary disposition). We be-

---

[2] Although not relevant to this appeal, we do note that this is not true where an appeal is taken from an order certified as final pursuant to MCR 2.604(A). In those circumstances, a party is limited to raising issues on appeal related only to the certified order being appealed from.

lieve that the court in the instant case abused its discretion.

Discovery sanctions are reviewed for an abuse of discretion. *Middleton, supra* at 222. Where the sanction is the barring of an expert witness resulting in the dismissal of the plaintiff's action, the sanction should be exercised cautiously. *Id.* at 223.

While it is within the trial court's authority to bar an expert witness or dismiss an action as a sanction for the failure to timely file a witness list, the fact that such action is discretionary rather than mandatory necessitates a consideration of the circumstances of each case to determine if such a drastic sanction is appropriate. The corollary to this is that the mere fact that a witness list was not timely filed does not, in and of itself, justify the imposition of such a sanction. Rather, the record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it. *Houston v Southwest Detroit Hosp,* 166 Mich App 623, 629-630; 420 NW2d 835 (1987). That is, while rules of practice give direction to the process of administering justice and must be followed, their application should not be a fetish to the extent that justice in a particular case is not done. *Higgins v Henry Ford Hosp,* 384 Mich 633, 637; 186 NW2d 337 (1971); *Houston, supra* at 630.

Among the factors that should be considered in determining the appropriate sanction are: (1) whether the violation was wilful or accidental;[3] (2) the party's history of refusing to comply with discovery requests (or refusal to disclose wit-

---

[3] *MacArthur Patton Christian Ass'n v Farm Bureau Ins Group,* 403 Mich 474, 477; 270 NW2d 101 (1978); *Houston, supra* at 628; *Daugherty v Michigan (After Second Remand),* 163 Mich App 697, 702; 415 NW2d 279 (1987); *Bellok v Koths,* 163 Mich App 780, 783; 415 NW2d 18 (1987); *Middleton, supra* at 223; *Edge v Ramos,* 160 Mich App 231, 234; 407 NW2d 625 (1987).

nesses);[4] (3) the prejudice to the defendant;[5] (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice;[6] (5) whether there exists a history of plaintiff's engaging in deliberate delay;[7] (6) the degree of compliance by the plaintiff with other provisions of the court's order;[8] (7) an attempt by the plaintiff to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice.[9] This list should not be considered exhaustive.

Turning to the case at bar, the trial court gave few reasons to justify its decision, merely stating that to grant the request would be unfair and that it would reopen discovery as to all of the witnesses. The court did not explain what unfairness would result from granting plaintiff's request for an extension to file the witness list nor are we aware of any reason why granting the request would necessitate a reopening of discovery since discovery had already been completed prior to the pretrial conference which resulted in the order requiring plaintiff to file the witness list.

Moreover, with respect to the factors listed above, we see no reason to justify the imposition of such a harsh sanction as imposed by the trial

[4] *MacArthur Patton Christian Ass'n, supra* at 477; *Bellok, supra* at 783; *Middleton, supra* at 223. See also *North v Dep't of Mental Health,* 427 Mich 659, 662; 397 NW2d 793 (1986) (dismissal for lack of progress).

[5] *North, supra* at 662; *Pollum v Borman's, Inc,* 149 Mich App 57, 62-63; 385 NW2d 724 (1986).

[6] *Pollum, supra* at 62.

[7] *North, supra* at 662; *Bellok, supra* at 783; *Middleton, supra* at 223.

[8] *Daugherty, supra* at 702.

[9] *North, supra* at 662; *MacArthur Patton Christian Ass'n, supra* at 477; *Houston, supra* at 631; *Bellok, supra* at 783; *Middleton, supra* at 223-224. See also *Pollum, supra* at 62-63 (where trial court permitted unlisted witness to testify, this Court concluded that the defendants were entitled to a new trial as the trial court should have delayed trial in order to permit them to depose the witness).

court. There is no indication from the record that plaintiff's failure to timely file the witness list was wilful; rather it was apparently an inadvertent mistake by counsel in marking the deadline for submitting the list. Furthermore, by defendants' own admission, they learned during the course of discovery that plaintiff would be calling Vanderford as an expert witness and Vanderford had previously been deposed. In fact, it would appear from the record that defendants were aware of the existence of all of the witnesses listed by plaintiff on her tardy witness list no later than July 17, 1987, the date the parties presented themselves for trial.

In addition, we are aware of no problems with plaintiff in the past in terms of impeding discovery or dragging out litigation, nor is there any reason to believe that granting plaintiff's request to file the late witness list would have necessitated further delay in this action. Indeed, we would note that this problem never would have arisen had the trial court not ordered a four-month adjournment of trial, apparently due to the trial court's own scheduling conflicts.

Turning to the issue of prejudice to defendants, defendants have shown none. At most, defendants have made vague generalizations about their entitlement to rely on the terms of the pretrial conference order and the conclusory statement about their ability to timely prepare and present their defense. This latter claim is curious in light of the fact that they did receive the witness list approximately eighty days before trial was scheduled to begin, were aware of the existence of all of the witnesses prior to the pretrial conference, and had announced themselves ready for trial on July 17. How plaintiff's three-week delay in filing her wit-

ness list prevented defendants from properly preparing for trial in light of these facts is unexplained by defendants and is beyond our ability to deduce.

Finally, we do note that plaintiff did detect her error in missing the deadline for filing the witness list reasonably soon after that deadline and promptly proceeded to correct her mistake. Furthermore, plaintiff initiated the proceedings to correct her mistake, filing her motion to extend the time for the filing of the witness list well in advance of defendants' motion for summary disposition and before defendants moved for the imposition of sanctions.

Accordingly, for the reasons discussed above, we conclude that the trial court abused its discretion in denying plaintiff's motion to extend the deadline for filing her witness list and in striking plaintiff's witness list, which included the expert witness. Therefore, we also conclude that the trial court erred in granting summary disposition on the basis that plaintiff was unable to present expert testimony to support her claim. While the imposition of some sanction would have been appropriate, such as the imposition of costs and an award of attorney fees to defendants arising out of the motion to extend time, the sanction of barring the testimony of the expert witness, with the necessary result of summary disposition against plaintiff, was inappropriate in the context of this case.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.

NEFF, J., concurred in the result only.