# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 25, 2008

135879

TRACY DRAKE, Personal Representative for
the Estate of ROBERT DRAKE, Deceased,
      Plaintiff-Appellant,

v

AMY SCHANTZ-RONTAL, M.D., ROLANDO
BEREDO, M.D., DOWNTOWN MEDICAL,
P.L.L.C., VASUDEV ANANTHRAM, M.D.,
SADASIVA REDDY, M.D., JACKSON
RADIOLOGY CONSULTANTS, P.C., TIMOTHY
MURRAY, M.D., CHAKRAVARTHY KANDURU,
M.D., and W.A. FOOTE MEMORIAL HOSPITAL,
      Defendants-Appellees.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135879
COA: 270225
Jackson CC: 03-001785-NH

On order of the Court, the application for leave to appeal the November 20, 2007 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

CAVANAGH, J., would grant leave to appeal.

WEAVER, J., dissents and states as follows:

I dissent from the order and would reverse for the reasons stated by the dissenting judge in the Court of Appeals as stated below:

FITZGERALD, J. (*dissenting*).

I respectfully dissent.

In my opinion, the trial court's order striking all of plaintiff's expert witnesses as a sanction for failing to comply with discovery was an abuse of discretion. Because of the importance of expert testimony in medical

malpractice actions, the trial court's order resulted in the dismissal of plaintiff's lawsuit. Although striking witnesses is an appropriate sanction in some cases, it is important to remember that the policy of this state favors the meritorious determination of issues. *Tisbury v Armstrong,* [194] Mich App 19, 21; 486 NW2d 51 (1992). After reviewing the record, I do not consider plaintiff's counsel's conduct so egregious or defendant's prejudice so substantial that imposing what is, in essence, the most serious sanction available, is justified. See *Dean v Tucker,* 182 Mich App 27, 32-33; 451 NW2d 571 [(1990)] (discussing the factors to be considered when determining the appropriate sanction). The interests of justice would have been better served by limiting plaintiff to calling only those witnesses identified in her October 25, 2005, and November 17, 2005, correspondences to defendant. [*Drake v Schantz-Rontal,* unpublished dissenting opinion by Fitzgerald, J., entered November 20, 2007 (Docket No. 270225).]

KELLY, J., joins the statement of WEAVER, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 25, 2008

*Corbin R. Davis*

Clerk

s0722