# STATE OF MICHIGAN

# COURT OF APPEALS

NORTH AMERICAN FUNDING GROUP, LLC,

      Plaintiff-Appellant,

v

DUMITRU SANDULESCU,

      Defendant-Appellee.

UNPUBLISHED
February 17, 2015

No. 319185
Oakland Circuit Court
LC No. 2013-132240-CZ

Before: FORT HOOD, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

In this action for breach of contract, plaintiff, North American Funding Group, LLC, appeals as of right the trial court's order dismissing plaintiff's claims with prejudice and granting judgment and damages in favor of defendant, Dumitru Sandulescu, on his claims as a discovery sanction. We reverse and remand for further proceedings.

Defendant contracted with plaintiff to obtain financing for defendant's real estate transaction. There were delays in getting a loan resulting in defendant's loss of the opportunity to purchase the property. Defendant blamed plaintiff, while plaintiff blamed the incompetence of defendant's wife, citing her failure to provide plaintiff with documents required to secure a loan. Regardless, after the initial property transaction fell through, plaintiff assisted defendant in purchasing separate property. When defendant refused to pay the commission for that transaction, plaintiff filed the instant suit. Defendant countersued for nearly $850,000, arguing that it was plaintiff's incompetence that caused the first purchase to fall through, that plaintiff was not properly licensed, and that defendant suffered lost profits and lost deposits.

During the proceedings, plaintiff failed to respond to defendant's first request for admissions. Defendant then filed a motion for summary disposition, arguing the court should deem the entire document admitted and grant summary disposition to defendant. Plaintiff's counsel claimed that he was not aware of the request because he had not seen it, as he was not registered for Oakland Circuit Court's e-filing system. The trial court ordered plaintiff to answer the requests and pay $1,000 in sanctions within seven days, or it would enter judgment in favor of defendant including all relief requested by defendant in his motion for summary disposition.

Within seven days, plaintiff hand-delivered a response to defendant but did not file the document until nine days after the order. Additionally, plaintiff did not pay the sanction, and when prompted by the trial court for a date when payment could be expected, plaintiff indicated

-1-

it could not commit to any future payment at that time. Subsequently, the trial court dismissed plaintiff's claims and granted judgment in favor of defendant on his counterclaims, entering an award for damages in the amount of $847,084, a permanent injunction barring plaintiff from performing work without a license, and costs and attorney fees in the amount of $12,450 to defendant. Plaintiff now appeals.

Plaintiff argues that the trial court abused its discretion by awarding judgment in favor of defendant as a discovery sanction. We agree.

"We review the trial court's decision to impose [discovery] sanctions for an abuse of discretion." *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 659; 819 NW2d 28 (2011).[1] "An abuse of discretion occurs when the decision is outside the range of principled outcomes." *Id*. at 659-660.

"The Michigan Court Rules at MCR 2.313(B)(2)(c) explicitly authorize a trial court to enter an order dismissing a proceeding or rendering a judgment by default against a party who fails to obey an order to provide discovery." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 86; 618 NW2d 66 (2000). "Because the imposition of sanctions is discretionary, the trial court should carefully consider the circumstances of the case to determine whether a drastic sanction, such as dismissing a claim, is appropriate." *Richardson v Ryder Truck Rental, Inc*, 213 Mich App 447, 451; 540 NW2d 696 (1995). Indeed, "the record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010), quoting *Dean v Tucker*, 182 Mich App 27, 32; 451 NW2d 571 (1990). This Court has provided a nonexhaustive list of factors that should be considered when determining if a trial court abused discretion in ordering discovery sanctions:

> (1) [W]hether the violation was wilful or accidental; (2) the party's history of refusing to comply with discovery requests . . . ; (3) the prejudice to the defendant; (4) . . . ; (5) whether there exists a history of plaintiff's engaging in deliberate delay; (6) the degree of compliance by the plaintiff with other provisions of the court's order; (7) an attempt by the plaintiff to timely cure the defect; and (8) whether a lesser sanction would better serve the interests of justice. [*Duray Development*, 288 Mich App at 165, quoting *Dean*, 182 Mich App at 32-33.]

In regard to the instant case, we first note that the record is absent consideration of the aforementioned considerations. Moreover, we conclude if the trial court had considered these factors, it would have reached a different decision. The record reveals that plaintiff failed to

---

[1] We do not agree with defendant that the trial court order should be reviewed as the grant of a motion for summary disposition. The record reveals that the trial court never considered the merits of defendant's motion, never stated that it granted a motion for summary disposition, and entered a judgment in favor of defendant rather than a grant of summary disposition. The record shows that the trial court entered the judgment as a discovery sanction.

respond to defendant's requests for admission, but that it was not purposeful; plaintiff's attorney missed the notice. While it is true that plaintiff refused to pay the $1,000 sanction imposed by the trial court, the facts of the case show that plaintiff did not have a history of refusing discovery or disobeying court orders; rather, this was the first instance on the record of either event happening. Further, there was no evidence that plaintiff ever engaged in a deliberate delay of the trial court proceedings, and the record is plain that plaintiff did attempt to cure his absence of response to defendant's discovery request by providing an answer to defendant's request for admissions.

Most importantly, we believe the interests of justice supported a lesser sanction considering the circumstances. It appears from the record that the trial court felt it necessary to follow through with its order where plaintiff knew of the consequences but still failed to follow the order. There was, however, evidence on the record that plaintiff could not afford the sanction at the time, and the trial court could have considered that plaintiff complied with the order to the extent it was able. Furthermore, there were other sanctions available to the trial court that would have better served the interests of justice, including additional sanctions until they were paid, deeming every claim in the document admitted, or attorney's fees to defendant for the delay caused. Because of its failure to pay a minimal sanction, plaintiff was faced with an approximately $850,000 judgment and an injunction on doing business. Discovery sanctions should not be used on a whim "to the extent that justice in a particular case is not done." *Dean*, 182 Mich App at 32. By refusing to consider the full array of options and impeding the interest of justice, the trial court abused its discretion.

Reversed and remanded for further proceedings. We do not retain jurisdiction. Plaintiff, the prevailing party, may tax costs. MCR 7.219.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Michael F. Gadola