*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re Guardianship of MARY ALICE MCGILLIS.

DARRIN E. MCGILLIS,

        Petitioner-Appellant,

v

MARY ALICE MCGILLIS,

        Respondent-Appellee.

UNPUBLISHED
March 10, 2020

No. 349412
Delta Probate Court
LC No. 19-022370-GA

Before: MURRAY, C.J., and METER and K. F. KELLY, JJ.

PER CURIAM.

Petitioner appeals by right the trial court's dismissal with prejudice of his petition to appoint a guardian for respondent, his grandmother. We affirm.

## I. BACKGROUND

On April 5, 2019, petitioner, who lives in Florida, filed a petition with the trial court, requesting that the court appoint respondent's granddaughter as respondent's guardian. Following the petition, the trial court appointed a guardian ad litem (GAL) for respondent. The GAL visited respondent on two occasions and, according to the GAL, respondent was in favor of her former daughter-in-law, acting as her guardian. Indeed, the former daughter-in-law seems to have long assisted respondent in her affairs, has a durable power of attorney regarding respondent, and has been named respondent's patient advocate.

One day before the hearing on petitioner's petition, petitioner filed a motion to appear via telephone. Although a review of the record indicates that petitioner was apparently unable to appear in person for medical reasons, in petitioner's motion, he simply stated that he was unable to appear for reasons beyond his control. At the hearing, the trial court dismissed petitioner's

petition with prejudice on the basis of petitioner's failure to appear at the hearing.[1] The trial court explained that the court rule petitioner cited in his motion to appear by phone, MCR 2.402(B), was inapplicable, because this was a hearing on petitioner's petition, not a motion hearing, pretrial conference, scheduling conference, or status conference.[2] Further, petitioner failed to comply with the applicable court rule, MCR 2.119(C)(1), because petitioner filed the motion to appear by telephone only one day before the hearing, and petitioner did not "assert any good cause."[3] For these reasons, the trial court declined to reach the merits of the case.

Petitioner subsequently filed several motions, which the trial court denied. This appeal followed.

## II. ANALYSIS

Petitioner first argues that the trial court erred by dismissing the petition with prejudice. "A trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

Petitioner appears to errantly argue in his brief that his petition was dismissed on the basis of the GAL's report and a social worker's testimony. While the GAL's report certainly refutes the material aspects of petitioner's claims, the trial court actually dismissed the petition for petitioner's failure to appear at the hearing. Although petitioner's argument is difficult to discern from his

---

[1] We read the "with prejudice" language in the trial court's order as preventing only the refiling of the instant petition or a petition premised upon the same underlying factual circumstances. Indeed, this reading is consistent with the trial court's reasoning that the dismissal with prejudice was a sanction for petitioner's failure to, in his words, "prosecute" his petition. In this regard, we do not read the trial court's order as preventing the filing of a new petition upon a material change in circumstances.

[2] MCR 2.402(B) provides, in relevant part, that "[a] court may, on its own initiative or on the written request of a party, direct that communication equipment be used for a motion hearing, pretrial conference, scheduling conference, or status conference."

[3] MCR 2.119(C)(1) provides:

> Unless a different period is set by these rules or by the court for good cause, a written motion (other than one that may be heard ex parte), notice of the hearing on the motion, and any supporting brief or affidavits must be served as follows:
>
> (a) at least 9 days before the time set for the hearing, if served by first-class mail, or
>
> (b) at least 7 days before the time set for the hearing, if served by delivery under MCR 2.107(C)(1) or (2) or MCR 1.109(G)(6)(a).

brief, petitioner appears to acknowledge this ground for dismissal, stating that "[t]he logical result would have been to set the hearing for another date given the Motion to Appear via Telephone could not be granted by the Court."[4] Petitioner argues that he was acting as a "prosecutor" on the petition and that he "should have been granted a new hearing date to continue the prosecution of the case he brought to the lower court."

When imposing the severe sanction of dismissal, the trial court must carefully "consider the circumstances of each case to determine if such a drastic sanction is appropriate." *Duray Development, LLC v Perrin*, 288 Mich App 143, 164-165; 792 NW2d 749 (2010) (internal citation and quotation marks omitted). In doing so, the trial court should address on the record the applicable factors set forth in *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990). "The record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." *Duray*, 288 Mich App at 165 (internal citation, quotation marks, and brackets omitted).

In deciding to dismiss the petition, the trial court addressed several of the applicable *Dean* factors. Particularly severe in this case were the prejudice to the other interested parties, the inadequacy of the notice of petitioner's inability to attend, and petitioner's complete failure to support his motion to appear by telephone. The trial court noted that the hearing on the petition was set to be heard at 9 a.m. and petitioner did not file his motion to appear by telephone until 3:45 p.m. the day prior. Petitioner did not notify the GAL of his inability to attend, nor is there any indication in the record that petitioner notified any other interested party. Petitioner did not provide adequate supporting authority for his motion and his motion was grossly untimely under MCR 2.119(C)(1). Petitioner alleges before this Court that he was suffering from a medical ailment at the time, which prevented him from attending the hearing in person, but petitioner did not mention any medical issue in his motion. Moreover, the trial court noted that the hearing required the elderly subject of the petition to be transported approximately 70 miles from her nursing-home residence to the courthouse. Indeed, it appears that several other interested persons traveled long distances to attend the hearing, without any apparent indication from petitioner that he would not be attending.

At first glance, we would agree with the trial court that these factors support dismissing the petition. Nonetheless, we need not substantively address this issue because petitioner has provided no authority which would suggest that the trial court's sanction was erroneous. "It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Riemer v Johnson*, 311 Mich App 632, 653; 876 NW2d 279 (2015) (internal citation and quotation marks omitted). An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651

---

[4] Petitioner appears to concede that the trial court properly denied his motion to appear by telephone. If he has not so conceded the issue, he has not adequately raised it in the statement of questions presented to invoke our review. MCR 7.212(C)(5).

NW2d 756 (2002). Accordingly, because petitioner has failed to elaborate his assertion of error with any discernable, substantive legal argument, we conclude that he has abandoned the issue on appeal.

Petitioner next argues that the trial court violated "the Due Process and Equal Protection Clause of the constitution." Petitioner argues, "If the function of a court is to find the truth of a matter so that justice might be done, then a rule which absolutely excludes the best possible evidence of a matter in issue rather than allow it to be weighed by the trier of fact must necessarily lead to injustice." Petitioner notes that due process requires an "opportunity to be heard," but does not identify which "rule" denied him this opportunity or otherwise explain how the trial court denied him his constitutional rights. If petitioner is arguing that the trial court's denial of his motion to appear by telephone and/or sanction of dismissal violated his constitutional rights, he has provided no discernible explanation of how this violation occurred. Accordingly, we conclude that petitioner has abandoned this argument. *Id*.

Finally, petitioner argues that the durable-power-of-attorney laws of this state violate the equal-protection clause of the Fourteenth Amendment and our Constitution. Petitioner asks this Court to reverse the trial court and "allow a meaningful hearing to bring evidence through witnesses and documents through evidentiary procedures." In support of this request, petitioner argues only, "When a court voluntarily blindfolds itself to what every citizen can see, the public must justifiably question the administration of law to just that extent." Exactly what the trial court blindfolded itself to is unclear; equally unclear is how the equal protection clause is implicated. Again, because petitioner failed to adequately support his assertion of error, he has abandoned this issue. *Id*.

Affirmed.


/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Kirsten Frank Kelly