*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* JOHNSON, Minors.

UNPUBLISHED
March 09, 2026
10:12 AM

No. 376919
Wexford Circuit Court
Family Division
LC No. 25-031893-NA

Before: MALDONADO, P.J., and M. J. KELLY and TREBILCOCK, JJ.

PER CURIAM.

Petitioner, the Department of Health and Human Services (DHHS), petitioned to remove respondent's three minor children from his care because it was reported that he had sexually abused one of his daughters. In connection with this petition, the Children's Advocacy Center (CAC) conducted a forensic interview of two of the children, and the CAC video-recorded those interviews. Respondent requested that petitioner disclose those recordings to him, and petitioner responded that it could not because it did not have possession of those recordings. The trial court then dismissed the case without prejudice on the basis that the DHHS violated MCR 3.922 when it did not produce the recordings to respondent. We affirm.

## I. BACKGROUND

After the trial court authorized the termination petition and set a date for an adjudication trial, it ordered the parties to produce all discovery required under MCR 3.922 within 21 days of the adjudication trial date. Before this deadline, respondent moved in the trial court to dismiss the petition because petitioner had not produced certain material governed by MCR 3.922, including the CAC recordings. By the date of the discovery deadline, petitioner had produced much of the required discovery material. However, petitioner admitted that it still had not produced the CAC interview recordings because it did not possess them. In fact, the DHHS has a policy against possessing CAC recordings. According to petitioner, the CAC refused to release the recordings to the DHHS, and the prosecutor's office ignored petitioner's requests for assistance in obtaining the recordings. Petitioner argued that it had not violated MCR 3.922 because its contracted counsel could not compel the prosecutor's office to respond or to turn over discovery materials.

-1-

Petitioner requested that the trial court grant an adjournment so that the recordings could be produced instead of dismissing the petition. The trial court determined that petitioner had a duty to produce the CAC interview recordings because the recordings were necessary for respondent's defense to impeach his daughter's credibility. The trial court concluded that "granting an adjournment [was not] gonna solve the problem" because of the DHHS's policy prohibiting possession of CAC videos, and it dismissed the petition without prejudice.

Petitioner now appeals.

## II. ANALYSIS

### A. MCR 3.922

Petitioner argued in the trial court and on appeal that it did not violate MCR 3.922 when it failed to produce the CAC interview recordings because (1) the recordings were not in its possession or control, and (2) petitioner, as a contract attorney, had no way to obtain possession of the recordings. We disagree.

Discovery is effectuated by court rules. See *In re JCR*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367472); slip op at 3. We review the interpretation and application of statutes and court rules de novo. *In re Ferranti*, 504 Mich 1, 14; 934 NW2d 610 (2019). However, a "trial court's decision to grant or deny discovery is reviewed for an abuse of discretion." *In re CADP*, 341 Mich App 370, 379; 990 NW2d 386 (2022). "A trial court necessarily abuses its discretion when it makes an error of law." *Bradley v Progressive Marathon Ins Co*, 345 Mich App 126, 131; 3 NW3d 559 (2022) (quotation marks and citation omitted).

MCR 3.922 governs pretrial procedures in child protective proceedings and it states in relevant part:

> (1) The following materials are discoverable as of right in all proceedings and shall be produced no less than 21 days before trial, even without a discovery request:
>
> (a) all written or recorded statements and notes of statements made by the juvenile or respondent that are in possession or control of petitioner or a law enforcement agency, including oral statements if they have been reduced to writing;
>
> (b) all written or recorded statements made by any person with knowledge of the events in possession or control of petitioner or a law enforcement agency, including, but not limited to, police reports, allegations of neglect and/or abuse included on a complaint submitted to Child Protective Services, and Child Protective Services investigation reports, except that the identity of the reporting person shall be protected in accordance with MCL 722.625. [MCR 3.922(A)(1)(a) to (b).]

Neither this plain language nor any other legal authority that this Court is aware of supports petitioner's argument that contract attorneys should be excused from complying with this (or any) discovery rule. Thus, MCR 3.922 requires the disclosure of CAC videos, without a subpoena or

discovery motion, but only if they are in the possession or control of the petitioner or a law enforcement agency.  In this case, the trial court correctly acknowledged that the enforcement of MCR 3.922 is "a question of what you have in your possession."

A review of the existing record makes clear that petitioner did not have possession of the video recordings in question.  To the contrary, at the motion hearing, petitioner explained that it is the CAC's policy *not* to release its recordings to the DHHS.  Petitioner made several requests for the recordings in this case, and the CAC responded that "[a] CAC video should never be in the possession of [Michigan] DHHS staff."  The CAC response went on to state that if anyone contacted the DHHS to request videos, the DHHS should put the requestor in touch with the CAC, who would inform the requestor "that [Michigan] DHHS is not in possession of the CAC video and cannot provide the video."  The DHHS likewise has a policy against possessing CAC recordings.  After being turned away by the CAC, petitioner reached out to the county prosecutor for assistance but received no reply.  This is pretty clear evidence that petitioner did not possess the video recordings at issue in this case.

The trial court reached a different conclusion based, in part, on its interpretation of the definitions in MCL 600.2163a of the Revised Judicature Act, MCL 600.101 *et seq*.  Under MCL 600.2163a(1)(e), a "videorecorded statement" is defined as a "witness's statement taken by a custodian of the videorecorded statement."  In turn, " '[c]ustodian of the videorecorded statement' means the [*DHHS*], investigating law enforcement agency, prosecuting attorney, or department of attorney general or another person designated under the county protocols established as required by section 8 of the child protection law, 1975 PA 238, MCL 722.628."  MCL 600.2163a(1)(b) (emphasis added).  "A videorecorded statement is exempt from disclosure under the freedom of information act, . . . is not subject to release under another statute, and is not subject to disclosure under the Michigan court rules governing discovery."  MCL 600.2163a(15).

By its express terms, MCL 600.2163a applies to criminal cases involving charges of criminal sexual conduct, child abuse, and child sexually abusive activity.  See MCL 600.2163a(2).  Child protective proceedings are not criminal proceedings.  *In re Brock*, 442 Mich 101, 107; 499 NW2d 752 (1993*)*; MCL 712A.1(2).  Moreover, the video recordings in this case were not taken by the "custodian of the videorecorded statement," i.e., the DHHS or law enforcement—the statements were taken and recorded by the CAC.  Accordingly, MCL 600.2163a does not establish that the DHHS had possession of the CAC recordings.

However, turning back to the plain language requirements of MCR 3.922, the record supports the trial court's determination that *law enforcement* had possession of the recordings.  The record is clear that law enforcement investigated respondent's daughter's allegation of sexual abuse, alongside the DHHS.  Moreover, it is the DHHS's policy that when a CAC interview is recorded, "the recording is immediately copied and provided to law enforcement via a password protected thumb drive or cloud-based digital file."  Accordingly, the trial court did not abuse its discretion when it determined that law enforcement possessed the recordings, and the DHHS was therefore required to produce the recordings to respondent under MCR 3.922.  It makes no difference that the DHHS used a contract attorney.  The agency still must comply with its discovery obligations.

## B. DISMISSAL

Petitioner next argues that, to the extent that it violated MCR 3.922 and the trial court's discovery order, the trial court abused its discretion when it ordered dismissal as a discovery sanction. We disagree.

"We review a trial court's decision regarding discovery sanctions for an abuse of discretion." *In re Gregory Hall Trust*, 346 Mich App 75, 81; 11 NW3d 552 (2023) (quotation marks and citation omitted). "An abuse of discretion occurs when the court's decision falls outside the range of reasonable and principled outcomes." *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 273; 761 NW2d 761 (2008).

MCR 2.313(B)(2) states that "if a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may order such sanctions as are just, including, but not limited to the following:"

> (a) an order that the matters regarding which the order was entered or other designated facts may be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (b) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the party from introducing designated matters into evidence;
>
> (c) an order striking pleadings or parts of pleadings, staying further proceedings until the order is obeyed, dismissing the action or proceeding or a part of it, or rendering a judgment by default against the disobedient party;
>
> (d) in lieu of or in addition to the foregoing orders, an order treating as a contempt of court the failure to obey an order, except an order to submit to a physical or mental examination[.] [MCR 2.313(B)(2)(a) to (d).]

Even though dismissal is a sanction available to a trial court, "[d]ismissal is a drastic step that should be taken cautiously." *Swain v Morse*, 332 Mich App 510, 518; 957 NW2d 396 (2020) (quotation marks and citation omitted). The "trial court must give careful consideration" to the following factors before dismissing a case:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id.* at 524 (quotation marks and citation omitted).]

The record should also reflect that the trial court "considered all of its options in determining what sanction was just and proper in the context of the case before it." *Dean v Tucker*, 182 Mich App 27, 32; 451 NW2d 571 (1990). A trial court abuses its discretion if it does not "carefully evaluate

all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencia v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995).

In this case, the trial court discussed on the record that the failure to produce the CAC videos was the only discovery violation. However, the trial court also acknowledged that a lesser sanction—adjournment—would be appropriate to cure the discovery defect. The trial court found that the DHHS had policies indicating that it was unable or unwilling to comply with the court rule, such that dismissal without prejudice was proper. On this record, we do not conclude that the trial court's decision to dismiss was "outside the range of reasonable and principled outcomes." See *Ypsilanti Charter Twp*, 281 Mich App at 273. This is particularly true when dismissal was made without prejudice, allowing the DHHS to refile its petition once it was able to produce the necessary CAC video recordings.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Christopher M. Trebilcock