*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERIC BROWN,

        Plaintiff-Appellant,

v

ALLSTATE INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
May 13, 2026
11:19 AM

No. 374501
Wayne Circuit Court
LC No. 23-007694-NF

Before: BORRELLO, P.J., and M. J. KELLY and ACKERMAN, JJ.

PER CURIAM.

Plaintiff, Eric Brown, appeals as of right the trial court's order dismissing his claim as a sanction for failure to comply with discovery. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

This case arises from a motor-vehicle crash between a truck and a vehicle being operated as an "Uber." The truck rear-ended the Uber vehicle and then fled the area. The Uber driver proceeded to drive Brown, who was a paying passenger, to his destination. Thereafter, Brown noticed that he had "neck pain," so he called the police and was sent to the hospital. Brown later sought medical treatment for physical therapy, pain management, and chiropractic services from multiple medical providers. Eventually, he filed suit against defendant, Allstate Insurance Company, seeking personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*.

In this case, in August 2023, Allstate moved to compel Brown to provide more specific discovery responses because he had failed to submit executed medical authorizations, damages computations, a complete list of medical and other costs and amounts incurred, and specific wage loss estimates. The trial court entered a scheduling order on September 14, 2023, requiring all parties to "provide executed medical authorizations for all providers" within 28 days of the order.[1]

---

[1] MCR 2.401(B)(2) allows courts to adopt their own dates for scheduling orders.

-1-

On December 26, 2023, Allstate moved to compel additional discovery from Brown, alleging that he had failed to provide a date for a deposition, executed medical authorizations, damages computations, medical bill amounts, and specific lost wage amounts to defendant. On January 22, 2024, the court entered a stipulated order, requiring Brown to provide Allstate supplemental initial disclosures, authorizations to obtain medical records, and a date for his deposition by January 26, 2024. The order also required Brown provide responses to Allstate's interrogatories and requests for production by February 9, 2024. On January 25, 2024, a deposition date was identified for Brown, and he provided authorizations to obtain medical records in an e-mail to Allstate's lawyer.

Thereafter, on May 6, 2024, Allstate moved to dismiss Brown's complaint based upon his failure to comply with the January 22, 2024 order requiring him to produce the required supplemental initial disclosure before January 26, 2024, and because Brown's responses to Allstate's interrogatories were "insufficient." Brown's lawyer did not file a response to the motion, and he also failed to appear at the May 17, 2024 hearing on the motion. At the hearing, the trial court considered whether sanctions were warranted under MCR 2.313(B)(2). In doing so, it considered the factors set forth in *Dean v Tucker*, 182 Mich App 27; 451 NW2d 571 (1990) (the so-called *Dean* factors).[2] Based upon its analysis, it found that, although severe, dismissal was the appropriate sanction and that lesser sanctions would be insufficient. Brown moved for reconsideration, which was denied. This appeal follows.

## II. DISCOVERY SANCTIONS

### A. STANDARD OF REVIEW

Brown argues that the trial court abused its discretion by dismissing his claim as a discovery sanction. "Discovery sanctions are reviewed for an abuse of discretion." *Id*. at 32. "A trial court's dismissal of a case for failure to comply with the court's orders is also reviewed for an abuse of discretion." *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). An abuse of discretion occurs when the trial court selects an outcome that falls outside the range of reasonable and principled outcomes. *Id*.

### B. ANALYSIS

Trial courts have discretion to dismiss an action based upon a party's failure to comply with a court order. MCR 2.504(B)(1). They also "possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado*, 476 Mich at 376. In this case, the trial court did not abuse its discretion by determining that the imposition of sanctions against Brown was proper. The trial court ordered all parties to "provide executed medical authorizations for all providers" within 28 days of the trial court's initial scheduling order. On January 22, 2024, the trial court entered an order requiring Brown to provide Allstate supplemental initial disclosures, authorizations to obtain medical records, and a date for Brown's

---

[2] The *Dean* factors are sometimes referred to as the "*Vicencio* factors" based upon their rearticulation in *Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995). However, given that *Vicencio* merely summarizes and repeats the factors first articulated in *Dean*, we elect to refer to the factors as the "*Dean* factors," rather than the *Vicencio* factors.

deposition by January 26, 2024. The order also required Brown provide responses to Allstate's interrogatories and requests for production by February 9, 2024. Subsequently, a deposition date was identified for Brown, and authorizations to obtain medical records were sent in an e-mail to Allstate's lawyer. However, the trial court found that Brown did not complete all authorizations requested by Allstate until May 16, 2024. Further, Brown never filed supplemental initial disclosures, as required by the January 22, 2024 order. In light of the foregoing, it is clear that Brown failed to comply with multiple court orders related to discovery.

Brown nevertheless argues that dismissal was not an appropriate sanction. Although permissible, "[d]ismissal is a drastic step that should be taken cautiously." *Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 506; 536 NW2d 280 (1995). Before dismissing a case as a sanction for a discovery violation, the trial court should consider the *Dean* factors, which require evaluation as to

> (1) whether the violation was wilful or accidental, (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses), (3) the prejudice to the defendant, (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice, (5) whether there exists a history of plaintiff engaging in deliberate delay, (6) the degree of compliance by the plaintiff with other provisions of the court's order, (7) an attempt by the plaintiff to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. This list should not be considered exhaustive. [*Dean*, 182 Mich App at 32-33.]

Further, "the record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." *Id*. at 32. Here, the trial court recognized that dismissal was a "drastic step that should be taken cautiously" and that resolution of cases on their "merits is favored."

The court then considered the *Dean* factors. It first found that the violation must have been "wilful" because there was no evidence that the failure to comply with the court orders was accidental. See *id*. In doing so, the court noted the lack of compliance with the January 2024 order, the failure to respond to the motion to dismiss, and the failure of Brown's lawyer to appear at the hearing. On appeal, Brown takes issue with the court's analysis. He maintains that his failure to attend the hearing or file a response was based upon a "misunderstanding" as to whether the hearing was going to occur on the date that it was scheduled for or whether it would instead occur a few weeks later. The court record, however, does not include any indication that the hearing was adjourned to a later date. Brown also contends that he believed that he had complied with the order. Yet, "[t]o be willful, the failure need not be accompanied by wrongful intent. It is sufficient if it is conscious or intentional, not accidental or involuntary." *Edge v Ramos*, 160 Mich App 231, 234; 407 NW2d 625 (1987). Here, Brown's failure to provide supplemental initial disclosures cannot be construed as inadvertent. He admitted that he thought providing the initial disclosures satisfied that part of the January 22, 2024 order. Although mistaken, he still failed to comply with the order requiring him to submit supplemental initial disclosures. That is, his failure to comply was not the result of an accident. It was instead a conscious decision to not provide further disclosures because he did not believe any such disclosures were necessary. The trial court

did not abuse its discretion when it found the first *Dean* factor weighed in favor of dismissal. *Dean*, 182 Mich App at 32.

Next, the court considered Brown's history of refusing to comply with previous court orders and discovery requests. See *id*. In doing so, it referenced the history of his compliance that had been discussed earlier in the hearing, including Brown's failure to make his initial disclosures, the need for Allstate to move to compel discovery, Brown's failure to comply with the court order that compelled discovery by certain dates, Brown's failure to respond to the motion to dismiss, and Brown's failure to appear at the hearing on the motion. On appeal, Brown maintains that only the January 2024 order was violated, but considering that the record plainly reflects the other violations of the court order and discovery requests that were cited by the court, we discern no abuse of discretion in the court's determination that the second *Dean* factor also favored dismissal as a sanction. See *id*.

The court also considered prejudice, recognizing that there was "obviously . . . prejudice." The court did not specify whether it found that there was prejudice to Brown or to Allstate. Regardless, prejudice is only one of the *Dean* factors. See *id*. at 32-33. As such, the court's failure to specify which party it found to be prejudiced does not mean that the court's decision to dismiss was an abuse of discretion.

Next, the court also determined that, considering the case's history, the delay could not be construed as "other than deliberate." See *id*. at 33. Brown argues that there was no history of deliberate delay. However, Allstate sought the January 22, 2024 order specifically because of Brown's delay in providing authorizations, supplemental initial disclosures, and a deposition date in violation of the trial court's initial scheduling order. After Allstate moved to compel, the trial court entered the January 22, 2024 order, but Brown once again was not fully compliant. Given this repeated history of delay, the court did not abuse its discretion by weighing the fourth *Dean* factor in favor of dismissal. The same facts contribute to the trial court's analysis of the fifth *Dean* factor, which considers the plaintiff's degree of compliance with other court orders. *Id*. Despite Brown's contention that his compliance with court orders was "substantial," the record instead shows that he failed to comply with the trial court's initial scheduling order, which ultimately led to the entry of the January 22, 2024 order, which Brown also failed to fully comply with.

The sixth *Dean* factor requires the trial court to consider any attempts made to cure defects. See *id*. Brown argues that the trial court relied on misrepresentations by Allstate regarding his attempts to cure any defects and that he had adequately attempted to cure defects by providing the outstanding medical authorizations and financial records. The trial court stated that the January 22, 2024 order was Brown's opportunity to timely cure any defects. Notably, Brown's lawyer failed to appear at the hearing or respond to the motion to dismiss, leaving the trial court with only the information from Allstate to consider whether dismissal was appropriate. Brown cannot shift his self-advocacy responsibility to the lawyer for the opposing party. See *Clark v Al-Amin*, 309 Mich App 387, 400; 872 NW2d 730 (2015). Even if the trial court was not provided information or guidance from Brown's lawyer, the trial court properly relied upon the record before concluding that Brown's failure to cure defects through the January 22, 2024 order weighed in favor of dismissal. The court, therefore, did not abuse its discretion by weighing the sixth *Dean* factor in favor of dismissal. *Dean*, 182 Mich App at 33.

-4-

Finally, regarding the seventh *Dean* factor, see *id.*, the trial court carefully considered whether dismissal was an appropriate sanction or whether an alternative sanction would be appropriate. The trial court stated:

[T]here have been adequate opportunities for [Brown's lawyer] to rescue [Brown]. I can only conclude that [Brown] is, for want of a better term again, ghosting. I am relying on the case [*Dean*, 182 Mich App at 31-33], as well as its progeny . . . .

I also could award attorney fees that were incurred as a result of this pattern of repeated noncompliance with discovery obligations. For now I think this will be my way of helping any appellate court and [Brown] to understand that I have the ability to cause even more significant consequences. But in the interest of trying to bring closure to this matter and not withstanding the request by [Allstate's lawyer], I believe I'm going to stop short of that mark.

I do adopt the well reasoned and careful arguments presented by [Allstate's lawyer]. I appreciate and understand the frustration. Here it's my view that striking the [Brown's] household replacement services claim and/or attendant care claim and/or wage loss claim are insufficient. Yet another opportunity by issuance of an order compelling [Brown] to provide supplemental initial disclosures within seven days and/or to provide any additional relief, including adjourning the present scheduling order dates and deadlines from Track Two to Track Three is insufficient.

Thus, based upon the record, it is clear that the court considered potential sanctions that were both less severe and harsher. It then determined that dismissal was the appropriate sanction in light of its full analysis of the *Dean* factors. That decision was not an abuse of discretion.

Affirmed. Allstate may tax costs as the prevailing party. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Matthew S. Ackerman