# STATE OF MICHIGAN

# COURT OF APPEALS

BRENT THAYNE and WANDA THAYNE,[1]

      Plaintiffs-Appellants,

v

STEPHAN BRADSHAW and ALLSTATE
INSURANCE COMPANY,

      Defendants-Appellees.

UNPUBLISHED
November 9, 2017

No. 334442
Oakland Circuit Court
LC No. 2015-146669-NI

Before: MURRAY, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

Plaintiffs, Brent Thayne and Wanda Thayne,[1] appeal as of right an order granting a motion for summary disposition filed by defendant, Allstate Insurance Company (Allstate).[2] We reverse and remand for further proceedings consistent with this opinion.

This case arises from an automobile collision that occurred on August 17, 2013. The parties do not dispute that plaintiff was stopped at a traffic light on Elizabeth Lake Road in Waterford when Stephan Bradshaw's car struck plaintiff from behind. Plaintiff filed a complaint against Bradshaw for negligence and loss of consortium,[3] and against Allstate for breaching the "underinsured motorist" (UIM) provision of plaintiff's insurance policy. The trial court's scheduling order was adjourned on multiple occasions during discovery, and ultimately, the trial court ordered the parties to identify their expert witnesses by February 16, 2016. As relevant to this appeal, plaintiff filed his first amended witness list on February 16, 2016, in which he identified his first expert witness: Dr. Michael J. Heidenreich. On April 11, 2016, Bradshaw filed a motion for summary disposition under MCR 2.116(C)(10), contending that plaintiff had

---

[1] Where Wanda Thayne's claims are based on loss of consortium, our reference to plaintiff in this opinion will refer to plaintiff Brent Thayne.

[2] Also at issue in this appeal are the trial court's order granting Stephan Bradshaw's motion for summary disposition and the trial court's order granting Stephen Bradshaw's motion to strike plaintiff's third amended witness list.

[3] As noted above, the loss of consortium claim pertained to Wanda Thayne.

failed to identify any "doctors who relate [Thayne's] aneurysms to the accident, and as of the date of this motion, has failed to identify any experts who will opine as to proximate cause." On April 14, 2016, plaintiff filed a third amended witness list. In this amended witness list, plaintiff identified a new expert witness, Dr. Chris A. Van Ee, who was listed as a biomechanical engineer. Plaintiff also sent a supplemental response to Bradshaw's interrogatories, wherein plaintiff identified Dr. Heidenreich as an expert who was expected to testify during trial, and stated that he would provide an opinion regarding whether the automobile collision caused or aggravated plaintiff's "vascular condition." Additionally, plaintiff identified Dr. Van Ee as a "potential expert" who had been consulted but not retained. Subsequently, Bradshaw filed a motion to strike plaintiff's third amended witness list and preclude plaintiff from presenting testimony or affidavits from Dr. Heidenreich or Dr. Van Ee. The trial court ultimately granted Bradshaw's motion to strike.

On appeal, plaintiff contends that the trial court erred when it failed to consider the *Dean*[4] factors before it sanctioned plaintiff by precluding evidence from his expert witnesses. We agree.

"The standard of review for decisions regarding sanctions for discovery violations is abuse of discretion." *Jilek v Stockson (On Remand)*, 297 Mich App 663, 665; 825 NW2d 358 (2012) (citation omitted). Similarly, "[t]his Court reviews for an abuse of discretion a trial court's decision to bar witness testimony after a party has failed to timely submit a witness list." *Duray Dev, LLC v Perrin*, 288 Mich App 143, 162; 792 NW2d 749 (2010) (footnote and citation omitted). "An abuse of discretion occurs when the decision is outside the range of principled outcomes." *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 659-660; 819 NW2d 28 (2011), citing *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

Generally, "trial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action." *Id*. at 376 (citations omitted). Under MCR 2.401(B)(2)(a)(iv), a trial court is authorized to establish a time for the exchange of witness lists, and pursuant to MCR 2.401(I)(2), the trial court "may order that any witness not listed in accordance with this rule will be prohibited from testifying at trial except upon good cause shown."

> Once a party has failed to file a witness list in accordance with the scheduling order, it is within the trial court's discretion to impose sanctions against that party. These sanctions may preclude the party from calling witnesses. *Disallowing a party to call witnesses can be a severe punishment, equivalent to a dismissal*. [*Duray Dev, LLC*, 288 Mich App at 164 (footnote and citation omitted; emphasis added).]

Further, " '[t]he mere fact that a witness list was not timely filed does not, in and of itself, justify the imposition of such a sanction.' " *Id.* at 165 n 53, quoting *Dean v Tucker*, 182 Mich App 27, 32; 451 NW2d 571 (1990).

---

[4] *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990).

In *Duray Dev, LLC*, this Court provided the nonexhaustive *Dean* factors, which trial courts should carefully consider before sanctioning a party:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses); (3) the prejudice to the defendant; (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice; (5) whether there exists a history of plaintiff's engaging in deliberate delay; (6) the degree of compliance by the plaintiff with other provisions of the court's order; (7) an attempt by the plaintiff to timely cure the defect[;] and (8) whether a lesser sanction would better serve the interests of justice. This list should not be considered exhaustive. [*Duray Dev, LLC*, 288 Mich App at 165, quoting *Dean*, 182 Mich App at 32-33 (alteration in original).]

"Where the sanction is the barring of an expert witness resulting in the dismissal of the plaintiff's action, the sanction should be exercised cautiously." *Dean*, 182 Mich App at 32 (citation omitted). In *Thorne v Bell*, 206 Mich App 625, 633-634; 522 NW2d 711 (1994), this Court held that the plaintiffs' violation of the trial court's scheduling order by failing to timely file witness and exhibit lists did not justify the "harsh sanction[ ]" of dismissal of the plaintiffs' complaints, where the record did not indicate "a history of recalcitrance or deliberate noncompliance with discovery orders[.]"

Our review of the record confirms that the trial court did not expressly consider the *Dean* factors on the record during the April 27, 2016 motion hearing, and it did not otherwise indicate that it had considered the *Dean* factors when it granted Bradshaw's emergency motion to strike plaintiff's third amended witness list and preclude plaintiff's expert witnesses from testifying. Perhaps the closest the trial court came to considering a *Dean* factor was when it observed that its scheduling order had been adjourned three times, however, it did not relate those adjournments as delays that were attributable to plaintiff. In fact, Bradshaw had moved to adjourn the scheduling order on all three occasions. Further, the record lacks any reference to the trial court's consideration of plaintiff's history of compliance with discovery orders, prejudice to Bradshaw, actual notice to Bradshaw, if plaintiff had any history of deliberate delay, plaintiff's compliance with the trial court's other orders, and if plaintiff had tried to timely cure these defects. The trial court also did not consider whether a lesser sanction would have been appropriate instead of precluding both of plaintiff's proposed expert witnesses. For example, the trial court did not separately consider whether plaintiff's proper identification of Dr. Heidenreich as an expert witness before the elapsing of the February 16, 2016 deadline warranted the same sanction of preclusion as plaintiff's disclosure of Dr. Van Ee as a potential expert witness almost two months after that deadline. Thus, there are no indicia that the trial court gave " 'careful consideration' " to the *Dean* factors before it sanctioned plaintiff. *Duray Dev, LLC*, 288 Mich App at 165, quoting *Dean*, 182 Mich App at 32. Therefore, where the trial court failed to "carefully consider" the *Dean* factors, its determination to strike plaintiff's third amended witness list and to preclude the evidence of his expert witnesses amounted to an abuse of discretion. Therefore, in reconsidering Bradshaw's motion on remand, the trial court will have the opportunity to articulate on the record its consideration of the *Dean* factors, and to weigh whether plaintiff had good cause for his late identification of Dr. Van Ee. With regard to Dr. Heidenreich, as noted above, we observe that he was named as an expert witness before the

-3-

February 16, 2016 deadline and therefore, as a matter of law, he was named in a timely fashion in conformance with the trial court's orders.

Plaintiff also argues that the trial court incorrectly determined that he had not put forth admissible evidence of causation. We agree.

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). In *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999), the Michigan Supreme Court set forth the following legal principles with respect to a motion for summary disposition brought pursuant to MCR 2.116(C)(10):

> In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4). *Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996).

As the trial court observed, for reasons unclear, plaintiff did not identify his treating physicians as expert witnesses. Thus, the trial court ruled that plaintiff's treating physicians would only be able to provide lay witness testimony under MRE 701. The trial court consequently determined that plaintiff had failed to present admissible evidence causally relating plaintiff's medical condition to the automobile collision. This ruling was in error. Expert testimony is generally required to prove causation. See, e.g., *Lowery v Enbridge Energy Ltd Partnership*, 500 Mich 1034, 1048-1049; 898 NW2d 906 (2017) (MARKMAN, J., concurring). However, in this case plaintiff presented as potential witnesses his three treating physicians who could offer medical testimony with regard to the cause of plaintiff's thrombosis of his bilateral popliteal artery aneurysms. For example, plaintiff presented a copy of a May 31, 2016 letter written by Dr. Judith C. Lin, M.D., a board-certified vascular surgeon,[5] who opined that it was likely that plaintiff developed the thrombosis as a consequence of the blunt trauma occurring during his automobile accident.[6] Although these physicians were not named as experts on plaintiff's witness lists, on remand, the trial court must also weigh the *Dean* factors in

---

[5] Dr. Lin is a Senior Staff Surgeon in the Division of Vascular Surgery at Henry Ford Hospital.

[6] While this letter from Dr. Lin, along with the evidence plaintiff submitted with respect to his other treating physicians, may not have been admissible in its form, it was certainly admissible in its substance, and therefore sufficient to withstand summary disposition. See *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 373; 775 NW2d 618 (2009) (recognizing that while evidence offered in response to a motion for summary disposition pursuant to MCR 2.116(C)(10) must be "substantively admissible, it does not have to be in admissible form[ ]" provided it is admissible in content).

determining whether plaintiff may name these witnesses as experts in conformance with MCR 2.401(I)(1)(b).[7]

Finally, plaintiff argues that this Court should order that Bradshaw's witnesses, Charles Funk, Ph.D. and Steven Rundell, Ph.D., are not qualified to testify as expert witnesses on issues of causation pursuant to MRE 702. We are aware that plaintiff filed a motion to strike and exclude the medical causation opinions of Funk and Rundell in the trial court and Bradshaw and Allstate filed responses. It appears that the trial court did not rule on the motion on the merits given its ruling with respect to Bradshaw's motion for summary disposition.[8] Both defendants devote a significant portion of their briefs on appeal to arguing that Funk and Rundell should be able to testify as experts concerning matters of causation. To the extent that the trial court did not decide the motions, any issues pertaining to these witnesses are unpreserved, and will not be addressed for the first time on appeal. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). This Court is an error-correcting Court, and it would be inappropriate for this Court to address in the first instance any issues concerning the proposed witnesses' qualifications to testify regarding matters of causation. See *WA Foote Memorial Hosp v Michigan Assigned Claims Plan*, ___ Mich App ___, ___; ___ NW2d ____ (2017) (Docket No. 333360); slip op at 11 (recognizing that the Court of Appeals is "an error-correcting Court.")

Accordingly, we reverse (1) the trial court's order granting summary disposition in favor of Bradshaw, (2) the trial court's order granting summary disposition in favor of Allstate, (3) the trial court's order striking plaintiff's third amended witness list and (4) the trial court's order granting Bradshaw's motion for case evaluation sanctions. We remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher

---

[7] Given our disposition of this issue, we need not address plaintiff's additional arguments challenging the trial court's ruling with regard to causation. We also decline Bradshaw's invitation to hold that plaintiff's treating physicians do not meet the requirements of MRE 702.

[8] Plaintiff also touched on the ability of Funk and Rundell to testify regarding causation in his response to Bradshaw's motion for summary disposition. However, the trial court, while mentioning the issue during the June 22, 2016 hearing on the motion, did not decide the issue definitively.