# STATE OF MICHIGAN

# COURT OF APPEALS

FOR PUBLICATION
June 30, 2016
9:15 a.m.

JOHNNIE JAMES TYLER, II,

        Plaintiff-Appellant,

v

JAMIE LEE TYLER,

        Defendant-Appellee.

No. 326766
Livingston Circuit Court
Family Division
LC No. 15-006494-DO

Before: MARKEY, P.J., and OWENS and BOONSTRA, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order dismissing his complaint for divorce without prejudice. We affirm.

In his complaint for divorce, plaintiff alleged that the parties were married in April 2014 and that there are no minor children "from this current marriage." Plaintiff acknowledged that an action involving these parties had been previously filed in the court, but indicated that the previous action is no longer pending. There is no information in the record before us regarding what this previous action entailed, but plaintiff contends on appeal that the parties were married to each other once before (from 2005 to 2010), that the parties had children together as a product of this first marriage, and that the previous action was a divorce proceeding.

Defendant never filed a response to the complaint; however, according to the trial court, she separately filed a complaint for divorce, alleging that there are minor children. Plaintiff subsequently filed a default request and affidavit, and a default was entered. Thereafter, the trial court sua sponte set aside the default and dismissed the case. The entirety of the court's dismissal order reads as follows:

> This case was filed February 25, 2015. It came to the attention of the Court that there are minor children although the complaint alleges there are not. The defendant, Jamie Tyler, subsequently filed a complaint for divorce properly alleging that there are minor children on March 4, 2015. The plaintiff filed a default in this case on March 26, 2015.

> IT IS ORDERED that the default is set aside and this case is dismissed without prejudice.

-1-

Plaintiff claims that the trial court improperly dismissed his divorce action because he was under no obligation to state in his complaint that there are minor children from the parties' first marriage. "A trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Donkers v Kovach*, 277 Mich App 366, 368; 745 NW2d 154 (2007). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Radeljak v DaimlerChrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006).

An examination of the applicable court rule reveals the error of plaintiff's argument.

MCR 3.206(A)(5)(b):

(5) In an action for divorce, separate maintenance, annulment of marriage, or affirmation of marriage, regardless of the contentions of the parties with respect to the existence or validity of the marriage, the complaint also must state

* * *

(b) whether there are minor children of the parties or minor children born during the marriage;

The two categories—"whether there are minor children of the parties" and "minor children born during the marriage"—which are separated by the disjunctive "or," establish overlapping but not coextensive domains. The rule clearly includes children that do not fall into the "minor children born during the marriage" category, such as children of the parties born before the marriage and adopted children.

The trial court has express authority to dismiss a complaint. MCR 2.504(B)(1) provides, "If a party fails to comply with [the court] rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." Since plaintiff failed to comply with the court rule, the trial court properly dismissed his complaint.

We affirm.

/s/ Jane E. Markey
/s/ Donald S. Owens
/s/ Mark T. Boonstra