*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GAIL HAMPTON,

Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant-Appellee,

and

ALL SEASONS PEST CONTROL and DILLON
GAMBLE,

Defendants.

UNPUBLISHED
April 22, 2021

No. 351675
Wayne Circuit Court
LC No. 17-017295-NI

Before: TUKEL, P.J., and SERVITTO and RICK, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's June 14, 2018 order granting defendant, State Farm Mutual Automobile Insurance Company's, motion to dismiss.[1] We reverse.

Plaintiff filed a complaint on December 7, 2017, alleging, in relevant part, that defendant[2] refused/neglected to pay personal injury protection insurance (PIP) benefits allegedly owed to her for injuries she sustained as a result of a car accident. On January 25, 2018, defendant served a request for admissions, interrogatories, and request for production of documents on plaintiff.

---

[1] When the trial court granted defendant's motion to dismiss, it only dismissed plaintiff's claims as to defendant. On November 12, 2019, the trial court entered a final order of dismissal, disposing of plaintiff's claims against the remaining defendants with prejudice.

[2] "Defendant" refers to State Farm Mutual Automobile Insurance Company only.

When plaintiff did not respond to the discovery requests within 28 days, defendant deemed the requests to admit admitted and filed a motion to compel plaintiff's responses to its interrogatories and request for production of documents. On April 23, 2018, the trial court entered a stipulated order instructing plaintiff to provide responses to the interrogatories and request for production of documents by May 3, 2018. Plaintiff did not provide these responses within the time allocated and defendant moved to dismiss plaintiff's claims against it for failing to comply with the court's order.

On June 13, 2018, the trial court held a hearing on defendant's motion to dismiss. Neither plaintiff nor plaintiff's counsel attended the hearing. After an extremely brief discussion with defense counsel, the trial court orally granted defendant's motion to dismiss the case. The following day, the trial court entered an order granting defendant's motion to dismiss for plaintiff's failure to comply with the court's order compelling responses and dismissed plaintiff's claims against defendant with prejudice.

On appeal, Plaintiff argues the trial court erred by granting defendant's motion to dismiss because the trial court did not apply the factors set forth in relevant caselaw in fashioning an appropriate sanction for plaintiff's unintentional discovery violation and did not consider any lesser sanction. Plaintiff further argues that the facts of the present case did not support the harsh sanction of dismissal. We agree that the trial court erred by granting defendant's motion to dismiss.

"We review a dismissal of a case for failure to comply with a court order for an abuse of discretion." *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Tyler v Tyler*, 316 Mich App 214, 216; 894 NW2d 611 (2016) (quotation marks and citation omitted). "This Court reviews any factual findings underlying a trial court's decision for clear error." *Hardrick v Auto Club Ins Ass'n*, 294 Mich App 651, 660; 819 NW2d 28 (2011). "A finding is clearly erroneous when this Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted).

"Pursuant to MCR 2.313(A), a party may move for an order compelling discovery. MCR 2.313(B)(2) sets forth various mechanisms by which a trial court may enforce a discovery order and sanction disobedient parties." *KBD & Assoc, Inc v Great Lakes Foam Technologies, Inc*, 295 Mich App 666, 677; 816 NW2d 464 (2012). In relevant part, "MCR 2.313(B)(2)(c) authorizes a trial court to enter an order dismissing a proceeding or rendering a judgment by default against a party who fails to obey an order to provide discovery." *Thorne v Bell*, 206 Mich App 625, 632; 522 NW2d 711 (1994). Additionally, "MCR 2.504(B)(1) provides, 'If a party fails to comply with [the court] rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims.' " *Tyler*, 316 Mich App at 217.

"Dismissal is the harshest sanction that the court may impose on a plaintiff." *Donkers v Kovach*, 277 Mich App 366, 369; 745 NW2d 154 (2007) (quotation marks and citation omitted). Thus, "[d]ismissal is a drastic step that should be taken cautiously." *Swain v Morse*, ___ Mich App ___, ___; ___ NW2d ___ (2020) (Docket No. 346850); slip op at 4, lv pending (quotation marks and citation omitted). "Severe sanctions such as default or dismissal are predicated on a

flagrant or wanton refusal to facilitate discovery that typically involves repeated violations of a court order." *Id.*

In *Dean v Tucker*, 182 Mich App 27; 451 NW2d 571 (1990), this Court set forth a nonexhaustive list of relevant factors for a trial court to consider when imposing a sanction. *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165; 792 NW2d 749 (2010); *Dean*, 182 Mich App at 32-33. This Court subsequently summarized the *Dean* factors as follows:

> (1) whether the violation was willful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Vicencio v Ramirez*, 211 Mich App 501, 507; 536 NW2d 280 (1995), citing *Dean*, 182 Mich App at 32-33. See also *Swain*, ___ Mich App at ___; slip op at 7 (quoting *Vicencio*'s summarization of the factors a trial court should consider before dismissing as case).]

"[T]he record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it." *Duray Dev, LLC*, 288 Mich App at 165 (quotation marks and citation omitted; alteration in original). "Ultimately, the court's chosen discovery sanction must be proportionate and just . . . ." *Hardrick*, 294 Mich App at 662 (quotation marks and citation omitted). "[B]ecause sanctions are discretionary, the trial court must carefully consider the circumstances of the case before it." *Linsell v Applied Handling, Inc*, 266 Mich App 1, 21; 697 NW2d 913 (2005).

Approximately six months passed between when defendant originally served on plaintiff its discovery requests, including interrogatories and request to produce documents, and the trial court's dismissal with prejudice of plaintiff's claims against defendant. The trial court held a hearing on defendant's motion to dismiss, and plaintiff failed to provide oral argument contesting the motion. However, the entire transcript of the hearing is only four pages long. The trial court did not explain its reasoning or address the *Dean* factors in any way during the hearing. The trial court's order of dismissal with prejudice likewise did not contain any rationale for the sanction imposed. Although defendant proposed an alternative sanction—a self-effectuating order to compel the responses or else the case would be dismissed—the court did not meaningfully address this proposition. Rather, the court merely confirmed the dates of defendant's discovery requests and the date of the court's order compelling plaintiff to respond to the interrogatories and request for production of documents. On this record, we cannot conclude that the trial court carefully considered the circumstances of the case, the *Dean* factors, or alternative sanctions. *Duray Dev, LLC*, 288 Mich App at 165; *Linsell*, 266 Mich App at 21. The trial court therefore abused its discretion by imposing the harsh sanction of dismissal.

A trial court "is in the best position to know the severity of the discovery abuses . . . ." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 88; 618 NW2d 66 (2000). However, a cursory analysis of the relevant factors further supports the conclusion that the court abused its discretion by dismissing plaintiff's claims against defendant with prejudice. First, it is unclear from the

record whether plaintiff's failure to comply with the court's order to provide the discovery responses was willful as opposed to accidental. Second, plaintiff had no history of refusing to comply with previous court orders; rather, the order in question was the first such order the trial court imposed on plaintiff. Third, the record does not contain any evidence that plaintiff exhibited a history of deliberate delay before failing to comply with the single court order at issue. Fourth, a lesser sanction likely would have better served the interests of justice.

Because the record is devoid of any indication that the trial court carefully considered the circumstances of the case, the relevant factors, or alternative sanctions before imposing the harsh sanction of dismissal with prejudice, we conclude the trial court abused its discretion by granting defendant's motion to dismiss plaintiff's claims against defendant. *Duray Dev, LLC*, 288 Mich App at 165; *Linsell*, 266 Mich App at 21.

Reversed and remanded for further proceedings to determine the appropriate sanction. We do not retain jurisdiction.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ Michelle M. Rick

-4-