*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ISPINE, PLLC,

        Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
April 14, 2022

No. 356720
Wayne Circuit Court
LC No. 20-002711-NF

Before: GLEICHER, C.J., and K. F. KELLY and PATEL, JJ.

PER CURIAM.

ISpine, PLLC sought first-party no-fault benefits from State Farm Mutual Automobile Insurance Company as assignee of State Farm's insured, Kathereen Winton. The circuit court dismissed ISpine's action without prejudice as a discovery sanction. Some of the requested materials, however, were not subject to discovery from ISpine. Moreover, the circuit court did not make required findings on the record capable of review. Accordingly, we vacate the dismissal order and remand for further consideration.

## I. BACKGROUND

Winton was involved in a motor vehicle accident in March 2016, and claimed to suffer lower-back injuries. In 2019, Winton consulted with ISpine doctor Stefan G. Pribil. Dr. Pribil performed spinal surgery in March 2019. Winton assigned her interest in seeking payment from State Farm to ISpine. ISpine submitted a claim for payment of $87,920 to State Farm. State Farm refused to pay, contending that the 2019 surgery was not required because of the 2016 accident. Rather, State Farm opined that Winton's 2019 back pain was caused either by a degenerative condition or an incident other than the 2016 motor vehicle accident. ISpine filed suit.[1]

---

[1] ISpine claims it filed a direct action for payment as a medical provider under MCL 500.3112, and not as Winton's assignee. This claim is patently belied by the complaint. For the first time

-1-

During discovery, State Farm pressed ISpine to produce many items, including signed medical authorizations from Winton related to her past health care providers. ISpine contended it did not have the power to require Winton to sign the authorizations, was not required by court rule to do so, and that any evidence from Winton's other health care providers was irrelevant to ISpine's treatment of Winton. State Farm insisted ISpine was required to obtain the authorizations under MCR 2.302(A)(2)(b) and (A)(3).

The circuit court subsequently entered a scheduling order, requiring ISpine to provide within 28 days "executed medical authorizations for all providers on a form supplied by" State Farm. ISpine did not produce the authorizations. State Farm then moved to compel ISpine to produce the authorizations, and to schedule depositions with Dr. Pribil and another ISpine representative. The court informed the parties it would decide the motions on the briefs without oral argument. Despite the warning, ISpine did not file a timely response, and the court granted State Farm's motions to compel. The court ordered ISpine to produce the authorizations within 14 days and to schedule the depositions within 30.

ISpine sought reconsideration of the order compelling production of the authorizations, raising an array of arguments regarding why it should not be required to produce the authorizations from Winton, and asked the court to enter a protective order regarding the contents of the depositions and other discovery. The circuit court never ruled on these motions.

When ISpine did not provide the compelled disclosures or schedule the depositions within the court's timeframe, State Farm moved to dismiss the complaint as a discovery sanction. Once again, the court informed the parties it would decide the motion on the briefs alone, but ISpine missed its filing deadline. The circuit court granted State Farm's motion in part, setting a final deadline for ISpine to provide the authorizations or to face dismissal. ISpine filed its responsive brief one day later.

Before the time set by the court expired, ISpine unsuccessfully subpoenaed the signed authorizations from Winton. The depositions apparently never were scheduled. When the deadline expired, the circuit court entered a brief order without reasoning or analysis dismissing ISpine's case without prejudice. ISpine again moved for reconsideration, which the court denied.

ISpine now appeals.

## II. PRESERVATION

ISpine contends that the circuit court erred by dismissing the case as a discovery sanction. State Farm asserts that ISpine either waived or failed to preserve its challenges by failing to timely respond to the motions below.

To preserve an issue for appeal, "a party need only bring the issue to the court's attention— whether orally or in a brief or both." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 228; 964

---

on appeal, State Farm challenges the wording of the assignment. We decline to consider that argument at this time. See *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2005).

NW2d 809 (2020). "[W]hen an issue is first raised in a motion for reconsideration, it is not properly preserved." *In re Estate of Schroeder*, 335 Mich App 107, 119; 966 NW2d 209 (2020). ISpine did not file timely answers to State Farm's motions to compel or for dismissal, raising its substantive challenges for the first time in its motion for reconsideration of the order to compel production of the medical authorizations.

However, "[t]he purpose of the appellate preservation requirements is to induce litigants to do what they can in the trial court to prevent error and eliminate its prejudice." *Glasker-Davis*, 333 Mich App at 228 (quotation marks and citation omitted). A party must bring its concerns "to the court's attention." *Id.* That was done here. ISpine raised its substantive challenges after the circuit court granted State Farm's motion to compel but before State Farm filed its motion to dismiss. State Farm responded to ISpine's arguments, but the circuit court did not rule on them. Litigants " 'should not be punished for the omission of the trial court . . . .' " *Id.* at 227, quoting *Peterman v Dep't of Natural Resources*, 446 Mich 177, 183; 521 NW2d 499 (1994). "Because the facts necessary for resolution of the issue were presented below" and are generally undisputed on appeal, we will consider ISpine's challenges. *George v Allstate Ins Co*, 329 Mich App 448, 454; 942 NW2d 628 (2019).

III. ANALYSIS

Generally, "[a] trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Tyler v Tyler*, 316 Mich App 214, 216; 894 NW2d 611 (2016) (quotation marks and citation omitted). Similarly, "[w]e review for an abuse of discretion the trial court's decision regarding whether to impose discovery sanctions." *Elahham v Al-Jabban*, 319 Mich App 112, 135; 899 NW2d 768 (2017). However, as ISpine's challenges were not preserved, our "review is limited to plain error affecting substantial rights." *Bennett v Russell*, 322 Mich App 638, 642-643; 913 NW2d 364 (2018). Relief is warranted only if the error was prejudicial "i.e., it affected the outcome of the proceedings." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 443; 906 NW2d 482 (2017) (quotation marks and citation omitted).

Dismissal is a permissible sanction for failing to provide discovery required by law. It appears that some of the discovery at issue in this case may have been required, but other discovery requests involved information not within ISpine's possession or control.

Generally, but with some limitations, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defenses . . . ." MCR 2.302(B)(1). In civil litigation, parties are required to make certain initial disclosures "without awaiting a discovery request . . . ." MCR 2.302(A)(1). Under MCR 2.302(A)(2)(b), additional initial disclosures are required "in a case asserting a first-party claim for benefits under the Michigan no-fault act." Subsection (A)(2)(b) provides, "The plaintiff must disclose all applicable claims, including all of the following information *within the plaintiff's possession, custody, or control*[.]" (Emphasis added.) The listed items include (i) "the identity of those who provided medical, household, and attendant care services to plaintiff," (ii) "all provider bills or outstanding balances for which the plaintiff seeks reimbursement," and (iv) "the additional disclosures under subrule (A)(3)."

ISpine produced the materials required by MCR 2.302(A)(2)(b)(i) and (ii). Medical authorizations, however, fall within item (iv)'s inclusion of MCR 2.302(A)(3). Subsection (A)(3) requires a "party claiming damages" for personal injury to produce "executed medical record authorizations" for all providers "in actual possession of medical information relating to the condition, unless the party asserts privilege pursuant to MCR 2.314(B)." As ISpine is seeking reimbursement for health care expenses and not claiming damages for personal injury, subsection (A)(3) does not apply. As it relates to the remainder of subsection (A)(2)(b), a first-party provider seeking reimbursement of its charges for medical care is unlikely to "possess" or "control" the *patient's* medical record authorizations. Indeed, because a patient may assert a privilege regarding certain treatment, or that certain past encounters with medical professionals are irrelevant to a provider's first-party claim, the court rule does not require a *provider* to supply medical authorizations.

By failing to acknowledge ISpine's motion for reconsideration of the order compelling discovery and requesting a protective order, the circuit court missed the critical point that ISpine was not required to produce some of the requested materials. State Farm was not entitled to an order to compel discovery of the medical authorizations in the first place. The circuit court compounded its error by failing to explain its reasoning in relation to the motion to dismiss, limiting our ability to assess the need for sanctions in relation to other withheld materials.

The court rules "authorize a trial court to enter an order dismissing a proceeding or rendering a judgment by default against a party who fails to obey an order to provide discovery." *Kalamazoo Oil Co v Boerman*, 242 Mich App 75, 86; 618 NW2d 66 (2000). MCR 2.313(B)(2)(c) provides that if a party fails to comply with a discovery order, the court may sanction that party by "dismissing the action or proceeding or a part of it, or rendering a judgment by default against the disobedient party[.]" MCR 2.504(B)(1) further provides that a court may dismiss an action or enter a default if a party fails to comply with the court rules or a court order. Beyond the court rules, "trial courts possess the inherent authority to sanction litigants and their counsel, including the right to dismiss an action." *Maldonado v Ford Motor Co*, 476 Mich 372, 376; 719 NW2d 809 (2006). "This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*.

"Dismissal is a drastic step that should be taken cautiously." *Swain v Morse*, 332 Mich App 510, 518; 957 NW2d 396 (2020) (quotation marks and citation omitted). "Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencio v Ramirez*, 211 Mich App 501, 506-507; 536 NW2d 280 (1995). To reach that decision, the court should consider:

> (1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*. at 507.]

"The record should reflect that the trial court gave careful consideration to the factors involved and considered all its options in determining what sanction was just and proper in the context of

the case before it." *Duray Development, LLC v Perri*n, 288 Mich App 143, 165; 792 NW2d 749 (2010) (quotation marks and citation omitted). As stated in *Kalamazoo Oil*, 242 Mich App at 88, "because default is a severe sanction, it is imperative that the trial court balance the factors and explain its reasons for imposing such a grave sanction in order to allow for meaningful appellate review."

No oral arguments were held in this case and the court made its decision in a short order with no reasoning or analysis. The circuit court committed plain error in assuming that ISpine was required to produce all the requested material in the first place. And in relation to other requested materials, we cannot determine if the circuit court considered other sanctions or how it viewed and weighed the factors of *Vicencio*. The law is clear that we must vacate the order dismissing ISpine's complaint and remand to allow the circuit court to articulate its findings on the record based on an accurate application of the court rules.[2]

We vacate the order dismissing ISpine's complaint and remand for further consideration. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Sima G. Patel

---

[2] State Farm raises several alternative grounds for affirmance of the dismissal order. None acknowledge the plain legal error made by the circuit court in addition to its lack of analysis on the record. And given our resolution of the main issues in this case, we need not address the parties' remaining challenges on appeal.