*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision
until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEGGY ZLATKIN and CELICIA ZLATKIN,

      Plaintiffs-Appellants,

v

JOHN MANSOUR, AVESTA MANAGEMENT,
LLC, and SYLVAN LAKE CONDOMINIUM
ASSOCIATION,

      Defendants-Appellees.

UNPUBLISHED
February 21, 2023

No. 355996
Oakland Circuit Court
LC No. 2019-172613-NO

Before: K. F. KELLY, P.J., and MURRAY and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's order dismissing their complaint against defendants as a sanction for repeated violations of discovery orders. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

In May 2016, plaintiffs Peggy Zlatkin and Celicia Zlatkin moved into a condominium unit owned by defendant John Mansour and managed by defendants Avesta Management, LLC and the Sylvan Lake Condominium Association ("SLCA"; collectively, "the commercial defendants"). Sometime after moving in, plaintiffs became concerned about water damage to the unit, which had caused mold. Plaintiffs decided to move out and stop paying rent, leading Mansour to begin eviction proceedings. Plaintiffs countersued for monetary damages resulting from the mold. Plaintiffs' complaint was removed to circuit court, where they added the commercial defendants as parties to their 16-count complaint. Relevantly, plaintiffs sought damages for harm to their physical and mental health.

Over almost two years of litigation, the case barely moved out of basic discovery. Defendants repeatedly had to move the trial court to compel discovery; in the span of 16 months, defendants filed 12 motions concerning discovery disputes, all of which were granted in some form by the trial court, the last of which dismissed the case. When the trial court granted defendants' motions, plaintiffs either misinterpreted or purposefully misread the orders, leading to further delay and litigation. By December 2020, Mansour had filed his eighth motion to dismiss plaintiffs' complaint as a discovery sanction. The motion related to plaintiffs' refusal to comply with the trial court's orders compelling plaintiffs to sign

authorizations from Mansour for their medical records. After giving serious consideration to the procedural history of the case and plaintiffs' troubling inability to comply with the trial court's orders, the trial court dismissed the complaint, and this appeal followed.

## II. STANDARDS OF REVIEW

Generally, "[a] trial court's decision to dismiss an action is reviewed for an abuse of discretion." *Tyler v Tyler*, 316 Mich App 214, 216; 894 NW2d 611 (2016) (quotation marks and citation omitted). Similarly, "[w]e review for an abuse of discretion the trial court's decision regarding whether to impose discovery sanctions." *Elahham v Al-Jabban*, 319 Mich App 112, 135; 899 NW2d 768 (2017). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010).

## III. ANALYSIS

Plaintiffs argue the trial court abused its discretion by dismissing their complaint as a discovery sanction. We disagree.

First, plaintiffs contend the trial court failed to first consider the factors in *Dean v Tucker*, 182 Mich App 27; 451 NW2d 571 (1990), which the court was required to do and would have shown dismissal was not the correct decision. In deciding to dismiss plaintiffs' complaint, the trial court cited MCR 2.504(B)(1), which states: "If a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." Moreover, "[t]rial courts possess the inherent authority to sanction litigants and their counsel, including the power to dismiss an action." *Swain v Morse*, 332 Mich App 510, 521; 957 NW2d 396 (2020) (quotation marks and citation omitted). "This power is not governed so much by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 521-522 (quotation marks and citation omitted).

The trial court's decision to dismiss a case is a drastic step that should be taken cautiously. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 631; 750 NW2d 228 (2008). Stated differently, a trial court's authority to dismiss an action as a sanction "must be exercised with restraint and discretion." *Swain*, 332 Mich App at 522 (quotation marks and citation omitted). This is because, "[o]ur legal system favors disposition of litigation on the merits." *Vicencio v Jaime Ramirez, MD, PC*, 211 Mich App 501, 507; 536 NW2d 280 (1995).

This Court has provided the following guidance when a trial court is considering whether to dismiss a case:

Before dismissing a case, a trial court should consider the following factors:

(1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to

cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Swain*, 332 Mich App at 524 (quotation marks and citation omitted).]

In *Vicencio*, this Court stated that "[b]efore imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencio*, 211 Mich App at 506. Indeed, this Court specifically held in *Vicencio* the trial court "abused its discretion in dismissing the case" because it "did not evaluate other available options on the record . . . ." *Id*. at 506-507.

Contrary to plaintiffs' argument, the above-cited factors, which plaintiffs refer to as the *Dean* factors, were specifically and thoroughly addressed by the trial court during the hearing on Mansour's eighth motion to dismiss. Indeed, the trial court even read the factors into the record, citing *Vicencio* specifically. The trial court summarized its ruling as follows:

> Review of the file as set forth above indicates that Plaintiffs have engaged in a course of . . . conduct of obstructing discovery by refusing to comply with discovery requests necessitating numerous motions to compel being filed and this Court repeatedly issuing orders to compel discovery. Plaintiffs' conduct has resulted in lengthy and protracted delays, denials of discovery, and have frustrated Defendant's [sic] attempts to discover information vital to a proper defense and relevant to Plaintiffs' claims. Presently, as of the date of the hearing, Plaintiffs have still failed to provide proper medical authorizations as required by the 11-25-20 order. And Ms. Peggy Zlatkin has stated she will not sign the authorizations.
>
> The delays in discovery have resulted in this case, which has been pending now for nearly two years, to continue to be in the early stages of litigation and has yet to even go through case evaluation. The Court previously imposed lesser sanctions of prohibiting certain evidence from being used at trial, awarding Defendants attorney fees and costs, and warning Plaintiffs that any further violations may result in dismissal of the case. Unfortunately, these actions have not deterred Plaintiffs from continuing their course of conduct. Therefore, the Court finds that a lesser sanction would not better serve the interests of justice and finds that dismissal of Plaintiffs claims . . . is warranted.

Consequently, plaintiffs' assertion the trial court completely failed to address the factors is entirely belied by the record, which is effectively fatal to their argument regarding this issue. See *Petraszewsky v Keeth*, 201 Mich App 535, 540; 506 NW2d 890 (1993) ("[T]he appellant bears the burden of furnishing the reviewing court with a record that verifies the basis of any argument on which reversal or other claim for appellate relief is predicated.").

Plaintiffs' only other contention is the trial court should have determined dismissal was not warranted because the violations were not significant enough for dismissal, plaintiffs could have easily remedied the violations, and the trial court failed to consider lesser sanctions. Plaintiffs violated a specific trial court order requiring them to sign authorizations provided to them by Mansour. While plaintiffs claim this was not a serious error warranting dismissal, their assertion is belied by MCR 2.504(B)(1), which expressly states dismissal is a potential remedy for a violation of a court's orders. *Id*. Further, in

analyzing whether dismissal was the appropriate remedy, the trial court noted plaintiffs had a long history of delaying proceedings and violating the trial court's orders.

The record supports the trial court's conclusion. Immediately preceding entry of the November 30, 2020 order, which required plaintiffs to sign all authorizations identified by Mansour before December 2, 2020, plaintiffs violated an October 22, 2020 order of the trial court, which also compelled plaintiffs to sign the authorizations described by Mansour in his motion. Importantly, the authorizations he described in his motion were those he had already previously provided to plaintiffs. Rather than signing the forms as ordered by the court, plaintiffs crafted their own authorization forms, signed them, and sent them to Mansour. This was a violation of the trial court's order.

Even the October 22, 2020 order was not plaintiffs' first time dealing with this very specific issue. As early as July 2020, plaintiffs attempted to avoid signing authorizations provided to them by asking defendants to provide an authorization form created by the State Court Administrative Office ("SCAO").[1] When plaintiffs failed to sign the authorizations they were compelled to sign by the trial court, the court determined plaintiffs violated a court order even though they had requested a SCAO form. Subsequently, on October 13, 2020, the trial court compelled Peggy to sign an authorization for the commercial defendants to obtain records regarding her Social Security Disability Income from the Social Security Administration ("SSA"). Instead of signing the authorization as it was sent to her, Peggy significantly altered the form before signing it and returning it, causing the commercial defendants to return to the trial court for a second order regarding records from SSA. During the hearing on November 4, 2020, the trial court specifically instructed Peggy to sign the forms provided to her by the commercial defendants, and she was ordered not to make any changes before signing and returning it. Thus, even before the trial court's November 30, 2020 order, plaintiffs were well aware they needed to sign the authorizations sent to them. Nevertheless, they refused to do so. Indeed, at the hearing held before the court entered the November 30, 2020 order, the court warned plaintiffs that further refusal to comply could result in dismissal of their case. The trial court relied on this history of ignoring or purposefully misinterpreting the trial court's orders to support the conclusion that plaintiffs' refusal to comply was serious enough to consider dismissal. This was not an abuse of discretion considering MCR 2.504(B)(1) specifically permits dismissal as a sanction for violating court orders. *Keinz*, 290 Mich App at 141.

---

[1] Plaintiffs also raise an issue regarding the trial court's November 30, 2020 order requiring them to sign the authorizations provided to them by Mansour. Plaintiffs contend this order violated MCR 2.314(C)(1)(d), which they assert requires medical authorizations to be on forms prepared by SCAO. Plaintiffs never challenged the form on the basis of MCR 2.314(C)(1)(d) during the trial court proceedings, except in a late-filed motion for reconsideration that the trial court never considered on the merits. Consequently, this issue was unpreserved, *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 521; 773 NW2d 758 (2009); and therefore, waived, *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). As a result, we decline to consider the merits of the argument. *Id*. Even so, we note that plaintiffs' reliance on MCR 2.314(C)(1)(b) is misplaced. The court rule regulates how a responding party *can* respond to a request for medical records. It does not regulate what forms a party requesting discovery *must* use, or what forms a trial court can *demand* a party to sign to facilitate discovery. Therefore, even if we were to address the argument, it lacks merit.

Next, plaintiffs contend dismissal was not the appropriate remedy because they could have cured the violation of the trial court's order. The trial court noted a party's attempts to cure a defect or violation of court order was a factor to consider under *Vicencio*, 211 Mich App at 507. Further, during the hearing in which the trial court dismissed plaintiffs' complaint—which took place more than 20 days after the trial court instructed plaintiffs to sign the authorizations sent to them—the court repeatedly noted plaintiffs had yet to provide the signed authorizations. Further, the court highlighted Peggy's statement during oral arguments that, regardless of the trial court's orders, she would never sign the authorizations sent to her by Mansour. This was significant evidence plaintiffs did not make, and would never make, an attempt to cure their violation of the trial court's orders. This factor weighed in favor of dismissal under *Vicencio*.

Plaintiffs' suggestion on appeal that the trial court should have considered the ease of which they could have remedied their error is not supported by *Vicencio*. Instead, the caselaw requires consideration of whether plaintiffs actually took steps to remedy the error, which they plainly did not. Further, considering Peggy's explicit statement of intent to never sign the authorizations during oral arguments, the record does not support plaintiffs' suggestion the error *could* easily be cured. As a result, the trial court did not err in weighing this factor in favor of dismissal. *Vicencio*, 211 Mich App at 507.

Lastly, plaintiffs argue the trial court failed to consider lesser sanctions before deciding to dismiss their complaint, which is another factor to be considered. See *id*. Once again, plaintiffs have either seriously misconstrued or misunderstood the record. The trial court repeatedly referenced its past use of lesser sanctions when addressing whether dismissal was the appropriate remedy. Importantly, the trial court noted it had barred plaintiffs from using evidence if they did not comply with discovery orders on several occasions and, most recently, had ordered plaintiffs to pay attorney fees and costs as a sanction. Even after those lesser sanctions, plaintiffs showed no indication they intended to comply with the trial court's orders. Considering it had tried several lesser sanctions in the past, and even warned dismissal was likely the only other option it had, plaintiffs continued to ignore the trial court's orders. Indeed, Peggy specifically stated she would not follow the most recent order, regardless of sanction. Thus, because the trial court specifically and properly considered whether lesser sanctions would be more appropriate than dismissal, plaintiffs' argument again lacks merit.

Although plaintiffs did not specifically challenge the other factors cited by this Court in *Vicencio*, 211 Mich App at 507, this Court has reviewed the record and is satisfied the trial court fulfilled its duty under the court rules and this Court's caselaw. Moreover, the trial court's reasoning was supported by the facts in the record. In sum, because all of the *Vicencio* factors were weighed by the trial court, and all of the factors weighed in favor of dismissal, the trial court's decision to dismiss plaintiffs' complaint was not an abuse of discretion. *Id*.

Affirmed. Defendants, as the prevailing parties, may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray
/s/ Brock A. Swartzle